**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

Case No.:

JASMANI RIVERON and
KRISTA RIVERON, individually,
and on behalf of all others similarly
situated,

      *Plaintiffs*,

vs.

HOME DEPOT USA, INC. a Georgia
corporation,

      *Defendants.*
_____/

**CLASS ACTION COMPLAINT**

Plaintiffs, KRISTA RIVERON and JASMANI RIVERON (the "Riverons" or "Plaintiffs"), individually, and on behalf of all others similarly situated (the "Class" or "Class Members"), by and through their undersigned counsel, hereby file this Class Action Complaint against Defendant, HOME DEPOT USA, INC. ("Home Depot" or "Defendant"), and allege as follows:

**NATURE OF THE ACTION**

1. Pursuant to Rules 23(a), (b)(2), and (b)(3), *Federal Rules of Civil Procedure*, Plaintiffs bring this consumer class action lawsuit against Defendant for its failure to adequately safeguard and secure the personal, financial data, including the names, email addresses, telephone numbers, buying habits, and credit card information of Plaintiffs and members of the Class, and to remedy the damages suffered by Plaintiffs and members of the Class as a result of Defendant's unlawful conduct.

2.      Numerous businesses take and collect their customers' personal, identifiable information ("PII") and store such PPI on their computers and servers.  These customers expect and are entitled to have their PII be given a high level of protecting due to its sensitive and confidential nature.  The combination of PII with the names, addresses, email addresses, and telephone numbers of Plaintiffs enhances the sensitivity of the information, making it susceptible to abuse, theft, and exploitation, and requires the utmost protection in its storage and handling.  Defendant knew and understood the confidential and private nature of Plaintiffs' and the Class Members' PII and owed a duty to Plaintiffs and the Class Members to protect and maintain the confidentiality of the same.

3.      Data breaches cost American consumers hundreds of millions of dollars a year.  According to the Identity Theft Resource Center, in 2014 alone, over 18 million records have been stolen, many, upon information and belief, by computer hackers.  The present case stems from one of the largest data breaches in history and reportedly could affect tens of millions of Home Depot's customers.

4.      Upon information and belief, as early as April of 2014, Defendant knew that its computers and/or servers had been hacked and that millions of its customers' accounts had been breached (the "Breach") by an as yet unknown and unauthorized source.  However, despite its duty to affirmatively notify Plaintiffs and the Class of the Breach, Defendant did not notify the public of this Breach until on or about September 2, 2014—approximately four months after Home Depot first learned that Plaintiffs' and the Class Members' Financial Information had been compromised.  *See* Shelly Banjo, *Home Depot Investigating Possible Payment Card Data Breach:  Fit-It Chain Is Working with Banks and Law Enforcement*, Wall Street Journal (Sep. 2, 2014) *available at*:

http://online.wsj.com/articles/home-depot-investigating-possible-payment-card-data-breach-1409681544.

5. As a result of Defendant's failure to adequately protect Plaintiffs' and the Class Members' Financial Information, one or more unknown persons or entities gained access to and obtained the PII of Plaintiffs and the Class. Upon information and belief, these unauthorized persons or entities gained access to Plaintiffs' and the Class Members' PII for the purpose of stealing the same and using it for unlawful purposes, including the identity theft of Plaintiffs' and the Class Members' for, among other illicit purposes, making fraudulent purchases or transactions.

6. Defendant's failure to maintain reasonable and adequate procedures to protect and secure Plaintiffs' and the Class Members' PII and Defendant's failure to provide Plaintiffs and the Class Members with timely notice of the Breach, has resulted in Plaintiffs and the Class being placed in danger of identity theft and other possible fraud and abuse.

7. Plaintiffs and the Class have suffered irreparable damage and will continue to suffer irreparable damage from the misuse of their PII. As a proximate result of the Breach, Plaintiffs and the Class have had their PII compromised, their privacy invaded, have incurred or will incur out-of-pocket costs, and have otherwise suffered economic damages. Plaintiffs expressly reserve the right to supplement this Class Action Complaint as additional facts and evidence come to light, are disclosed by Home Depot, or are otherwise discovered.

## PARTIES, JURISDICTION, AND VENUE

8. Plaintiff JASMANI RIVERON is an individual over 18 years of age who resides in Palm Beach County, Florida.

9. Plaintiff KRISTA RIVERON is an individual over 18 years of age who resides in Palm Beach County, Florida.

10. Defendant HOME DEPOT USA, INC. is a for profit corporation with its principal place of business located at 2544 Paces Ferry Road, Atlanta, Georgia 30339. Home Depot lists with the Florida Secretary of State its registered agent as Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301. Defendant has substantial contacts with the State of Florida has several retail stores within this District, including stores where Plaintiffs and the Class purchased products from Defendant.

11. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) because this is a class action lawsuit in which the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the Class Members are citizens throughout the State of Florida. Additionally, this Court has supplemental subject matter jurisdiction over the State law allegations raised in this Class Action Complaint, as provided by 28 U.S.C. § 1367(a).

12. Venue is proper in this Judicial District under 28 U.S.C. § 1391(a)(2), (b), and (c) because, as alleged herein, Defendant has conducted and transacted substantial business in this Judicial District, a substantial portion of the events and conduct giving rise to violations complained of in this action occurred in this Judicial District, and Defendant conducts business with consumers in this Judicial District.

## FACTUAL ALLEGATIONS

13. Plaintiffs and the Class Members are residents throughout the State of Florida.

14. Home Depot is a publicly traded Atlanta-based corporation with more than 2,200 retail locations in the United States, over 150 of which are located in Florida alone.

15. Home Depot is a retailer of home improvement and construction project products and services that boasts it "created the 'do-it-yourself' concept, spawning an entire industry that spans the globe."

16. Home Depot's net income for 2013 exceeded $4 billion.

17. According to Home Depot's *Privacy and Security Policy* ("Policy"), as published at http://www.homedepot.com/c/Privacy_Security, Home Depot collects an enormous amount of customer data for its own "business purposes."

18. The customer data collected by Home Depot includes its customers' contact information, such as customer names, user names, purchasing history, billing and shipping addresses, phone numbers, and digital information.

19. Home Depot collects its customers' payment information, "including information from [its customers'] credit card or debit card, check, PayPal account, or gift card."

20. Additionally, return information, demographic information, location information, as well as "other information" is also collected by Home Depot.

21. Home Depot not only collects customer information that is provided directly to it by the customer, but information that Home Depot obtained "passively" via "cookies, flash cookies, and web beacons" as well. Home Depot's customer data collection process includes collecting customer information from third parties and other Home Depot affiliates as well.

22. Home Depot acknowledges that "the internet is not 100% secure."

23. However, regarding Home Depot's security measures, it states that "[t]he measures we use are appropriate for the type of information we collect." They were not.

24. Unfortunately, Home Depot's collection of such information makes it a prime target for a large scale data breach, because customer data, such as the PII, is highly valued by criminals and other nefarious persons or entities.

25. On or about September 2, 2014, Home Depot disclosed to the public that its computer systems, which retain personal financial Home Depot customer data, were breached by

an as yet unknown computer hacker or hackers.

26. As a result of the Breach, upon information and belief, approximately 60 million Home Depot customer accounts were breached and all the PII stored therein was stolen.

27. Upon information and belief, Home Depot knew of the Breach in as early as April of 2014—four months *prior* to Home Depot's disclosure to the public of the Breach on or about September 2, 2014.

28. Upon information and belief, the Breach affected each of Home Depot's more than 2,200 U.S. locations.

29. The potential extent of the total damage caused by the Breach cannot be understated.

## INDIVIDUAL PLAINTIFFS' ALLEGATIONS

30. The Riverons have been Home Depot customers for several years, and frequent multiple Home Depot locations throughout South Florida.

31. The Riverons often utilize their American Express Credit Card ("AMEX") when making purchases at any Home Depot location.

32. From January 1, 2014 through September 3, 2014, the Riverons made at least 10 purchases at Home Depot locations in South Florida, totaling $446.43—all on their AMEX.

33. On or about July 19, 2014, the Riverons received a fraud alert regarding their AMEX, indicating that someone had attempted to make three transactions on the AMEX in Japan.

34. The Riverons have never been to Japan, did not make the three aforementioned transactions, nor did they authorize anyone to make said transactions.

35. As a direct result of Home Depot's failure to make reasonable and adequate procedures to protect and secure the Riverons' PII, as well as Home Depot's failure to provide the

Riverons with timely information regarding the unauthorized access of their PII, the Riverons have suffered actual damages, including the lost monetary value of their PII, the costs associated with protecting their PII now that is has been breached, their out of pocket losses, and the loss of their right to privacy.

## CLASS ACTION ALLEGTIONS

36. Plaintiffs brings this action on behalf of themselves and all others similarly situated as permitted by Rules 23(a), (b)(2), and (b)(3), *Federal Rules of Civil Procedure*. Plaintiffs are informed and believe that the Class consists of millions of Class Members. The proposed Class consists of:

> **All persons throughout the State of Florida who were customers of Home Depot and who had their personal identifying information compromised as a result of a data breach that occurred to Home Depot computers and/or servers during 2014.**

37. Defendant is excluded from the Class, as are any entity in which Defendant has a controlling interest, as well as Defendant's legal representatives, officers, directors, assignees, and successors. Also excluded is any judge or judicial staff member to whom this action is assigned, together with any relative of such judge or judicial staff member, and the spouse of any such persons.

38. The Class is so numerous that joinder of such individuals is impracticable.

39. The common questions of law and fact among all Class Members predominate over any issues affecting any individual Class Members and include the following:

a. Whether Defendant failed to implement and maintain commercially reasonable procedures to ensure the security of Plaintiffs' and Class Members' Financial Information;

b. Whether Defendant failed to adequately secure customer PII stored in its processing system;

c. Whether Defendant took reasonable measures to determine the extent of the Breach;

d. Whether Defendant acted negligently in failing to implement and maintain commercially reasonable procedures to secure Plaintiffs' and Class Members' PII;

e. Whether Defendant acted negligently in delaying or failing to inform Plaintiffs and Class Members of the Breach;

f. Whether Defendant's conduct constitutes negligence;

g. Whether Defendant's conduct was unfair, deceptive, and/or unconscionable;

h. Whether Plaintiffs and the Class Members have sustained monetary loss and the proper measure of that loss;

i. Whether Plaintiffs and the Class Members have sustained consequential loss, and, if so, to what measure; and

j. Whether Plaintiffs and the Class Members are entitled to declaratory and injunctive relief.

40. Plaintiffs will fairly and adequately protect the interests of the Class.

41. Plaintiffs' claims are typical of those of other Class Members, as there are no material differences in the facts and law underlying their claims and Plaintiffs' prosecution of their claims will advance the claims of all Class Members.

42. Plaintiffs have retained competent counsel experienced in the prosecution of this type of Class litigation.

43. Class treatment of the claims set forth in this Class Action Complaint is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for the proposed Class Members to prosecute their claims individually. Absent a class action, a multiplicity of individual

lawsuits would be required to address the claims between the Class Members and Defendant so that inconsistent treatment and adjudication of the claims would likely result.

44.     The litigation and trial of Plaintiffs' claims are manageable. Defendant's uniform conduct, the consistent provisions of the relevant laws, and the readily ascertainable identities of many Class Members demonstrates that there would be no significant manageability problems with prosecuting this lawsuit as a class action.

45.     Adequate notice can be given to Class Members directly using information maintained in Defendant's records or through publication.

46.     Unless a class-wide injunction is issued, Defendant may fail to properly secure the PII of Plaintiffs and Class Members, may continue to refuse to provide proper notification to Plaintiffs and Class Members regarding the scope of the Breach, and may continue to act unlawfully as set forth in this Class Action Complaint.

47.     Defendant has acted or refused to act on grounds that apply generally to the Class, making final injunctive and declaratory relief appropriate to the Class as a whole.

48.     Defendant's acts and omissions are the direct and proximate cause of damage described more fully in the succeeding paragraphs of this Class Action Complaint.

## COUNT I

### Negligence

49.     Plaintiff repeats and fully incorporates the allegations in paragraphs 1 through 48 above as if fully set forth in this Count.

50.     Upon accepting and storing Plaintiffs' and Class Members' PII in their respective computer database systems and servers, Defendant undertook and owed a duty to Plaintiffs and Class Members to exercise reasonable care to secure and safeguard that information and to utilize

commercially reasonable methods to do so. Defendant knew or should have known that the breached PII was private and confidential and should be protected as private and confidential.

51. The law imposes an affirmative duty on Defendant to timely disclose the unauthorized access and theft of the breached PII to Plaintiffs and the Class so that Plaintiff and Class Members could take appropriate measures to mitigate damages, protect against adverse consequences, and thwart future misuse of their PII.

52. Defendant breached its duty to notify Plaintiffs and Class Members of the unauthorized access by waiting approximately four months after learning of the Breach to notify Plaintiffs and Class Members, and then by failing to provide Plaintiffs and Class Members sufficient information regarding the Breach even as the press and Internet sites began reporting on the Breach. To date, Defendant has not provided sufficient information to Plaintiffs and Class Members regarding the extent of the unauthorized access and continues to breach its disclosure obligations to Plaintiffs and the Class.

53. Through Defendant's acts and omissions described in this Class Action Complaint, including Defendant's failure to provide adequate security and their failure to protect Plaintiff's and Class Members' PII from being foreseeably captured, accessed, disseminated, stolen and misused, Defendant unlawfully breached its duty to use reasonable care to adequately protect and secure Plaintiffs' and Class Members' PII during the time it was within Defendant's possession or control.

54. Further, through its failure to provide timely and clear notification of the Breach to consumers, Defendant prevented Plaintiff and Class Members from taking meaningful, proactive steps to secure their financial data and bank accounts.

55. Defendant knew or should have known that its computer databases and network for processing Plaintiffs' and Class Members' PII and related information had security vulnerabilities. Defendant was negligent in light of those vulnerabilities and the apparent private and confidential nature of the data it maintained and used.

56. Defendant's failure to take proper security measures to protect Plaintiffs' and Class Members' sensitive PII as described in this Class Action Complaint, created conditions conducive to a foreseeable, intentional criminal act, namely the unauthorized access of Plaintiff's and Class Members' PII by as yet unknowns persons or entities, which, upon information and belief, was stored without encryption or other security mechanisms on Defendant's own computer systems.

57. Defendant failed to take proper security measures to protect Plaintiffs' and Class Members' sensitive PII. Defendant's conduct was negligent and departed from all reasonable standards of care, including, but not limited to: failing to adequately protect the PII stored on its computer systems from a reasonably foreseeable breach; failing to encrypt or segregate PII stored on their computers; limiting access and disclosure of PII; failing to conduct regular security audits; and failing to provide Plaintiffs and Class Members with timely and sufficient notice that their sensitive PII had been compromised.

58. Neither Plaintiffs nor the other Class Members contributed to the Breach and subsequent misuse of their PII as described in this Class Action Complaint.

59. Defendant knew or should have known that its computer databases and network for processing Plaintiffs' and Class Members' PII and related information had security vulnerabilities.

60. Defendant was negligent in light of those vulnerabilities, especially considering the apparent private and confidential nature of the data that Defendant maintained and used for its own profit.

61. As a direct and proximate result of Defendant's conduct, Plaintiffs and the Class Members suffered damages, including but not limited to: the lost monetary value of their PII, out of pocket losses, and the loss of their right to privacy.

## COUNT II

### Violations of Florida's Deceptive and Unfair Trade Practices Act

Plaintiff repeats and fully incorporates the allegations in paragraphs 1 through 48 above as if fully set forth in this Count.

62. The Florida Deceptive and Unfair Trade Practices Act (hereinafter "FDUTPA") is expressly intended to protect "consumers" like Plaintiffs and Class Members from unfair or deceptive trade practices.

63. Plaintiffs and Class Members have a vested interest in the privacy, security and integrity of their PII, therefore, this interest is a "thing of value" as contemplated by FDUTPA.

64. Defendant is a "person" within the meaning of the FDUTPA and, at all pertinent times, was subject to the requirements and proscriptions of the FDUTPA with respect to all of their business and trade practices described herein.

65. Plaintiff and Class Members are "consumers" "likely to be damaged" by Defendant's ongoing deceptive trade practices.

66. Defendant's unlawful conduct as described in this Class Action Complaint, was facilitated, directed, and mandated from Defendant's headquarters to the detriment of Plaintiffs and Class Members.

67. Defendant engaged in unfair and deceptive trade practices by holding itself out as providing a secure online environment and by actively promoting trust online with consumers, which created in consumers' minds a reasonable expectation of privacy to all consumers by

promising that consumers' PII is safe but then fails to take commercially reasonable steps to protect the PII with which it is entrusted.

68. Defendant violated FDUTPA by failing to properly implement adequate, commercially reasonable security measures to protect consumers' sensitive PII.

69. Defendant also violated FDUTPA by failing to immediately notify affected consumers, such as Plaintiffs and Class Members of the nature and extent of the Breach.

70. Defendant represents its services as having a particular standard and quality, for the type of information Home Depot collects. Contrary to this representation, Defendant failed to properly implement adequate, commercially reasonable security measures to hold this information in strict confidence, failed to safeguard Plaintiffs' and Class Members' PII, and failed to protect against the foreseeable loss and misuse of this information.

71. Plaintiffs and Class Members have suffered ascertainable losses as a direct result of Defendant's employment of unconscionable acts or practices, and unfair or deceptive acts or practices.

72. Under FDUPTA, Plaintiffs and the Class are entitled to preliminary and permanent injunctive relief without proof of monetary damage, loss of profits, or intent to deceive. Plaintiffs and the Class seek equitable relief and to enjoin Defendant on terms that the Court considers appropriate.

73. Defendant's conduct caused and continues to cause substantial injury to Plaintiffs and Class Members. Unless preliminary and permanent injunctive relief is granted, Plaintiffs and the Class will suffer harm, Plaintiffs and the Class Members do not have an adequate remedy at law, and the balance of the equities weighs in favor of Plaintiffs and the Class.

74. At all material times, Defendant's deceptive trade practices are willful within the meaning of FUDTPA and, accordingly, Plaintiffs and the Class are entitled to an award of attorneys' fees, costs and other recoverable expenses of litigation.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiffs, JASMANI RIVERON and KRISTA RIVERON, individually and on behalf of all others similarly situated, seeks relief as more fully set forth in this Complaint as follows:

A. For an order certifying that the action may be maintained as a Class action, under Rule 23, *Federal Rules of Civil Procedure*, and certifying Plaintiffs, JASMANI RIVERON and KRISTA RIVERON, as Class Representative, and designating their counsel as Counsel for the Class;

B. Finding that Defendant breached its duty to safeguard and protect Plaintiffs' and Class Members' PII processed or stored on Defendant's computer network;

C. For an award of declaratory and equitable relief as follows:

   a. Requiring Defendant to adequately safeguard Plaintiffs' and Class Members' PII, which may include subjecting itself to an independent audit to ensure this information is destroyed;

   b. Enjoining Defendant from engaging in similar unfair, unlawful, and deceptive misconduct in the future;

   c. Requiring Defendant to engage in a correct notice campaign.

D. For an award of attorney's fees and costs;

E. For an award of damages to be determined at trial; and

F. For any further legal and equitable relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on issues so triable.

**Respectfully submitted,**

Dated: September 12, 2014

*/s/   Joshua H. Eggnatz*
Joshua H. Eggnatz, Esq.
Fla. Bar. No.: 0067926
Michael J. Pascucci, Esq.
Fla. Bar. No.: 83397
**THE EGGNATZ LAW FIRM, P.A.**
5400 S. University Drive, Ste. 413
Davie, FL 33328
Tel:    (954) 889-3359
Fax:    (954) 889-5913
JEggnatz@EggnatzLaw.com

Michael Fraser, Esq.
Florida Bar No.: 87411
**THE LAW OFFICES OF
HOWARD W. RUBINSTEIN, P.A.**
1615 Forum Place, Suite 4C
West Palm Beach, FL 33401
(800) 436-6437
(415) 692-6607 (fax)

*Attorneys for Plaintiff
and the Proposed Class*